**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION FOR** |
| | ) | **WRIT OF ERROR CORAM NOBIS** |
| vs. | ) | |
| | ) | |
| Michael Howard Hunter, | ) | |
| | ) | Case No. 1:01-cr-55 |
| Defendant. | ) | |

Before the Court is Michael Howard Hunter's pro se motion for a writ of error coram nobis pursuant to 28 U.S.C. §1651(a), the "all writs" section of the federal code. In his motion, Hunter alleges his federal conviction in 2002 for bank robbery was improperly obtained and should be vacated. Hunter claims he was incompetent at the time and the Court should not have accepted his guilty plea.

"A writ of error coram nobis is an 'extraordinary remedy'" which should only be granted "'under circumstances compelling such action to achieve justice' and to correct errors 'of the most fundamental character.'" United States v. Camacho-Bordes, 94 F.3d 1168, 1173 (8th Cir. 1996) (quoting United States v. Morgan, 346 U.S. 502, 511-12 (1954)). Coram nobis relief is substantially similar to habeas corpus relief but only available to defendants who, like Hunter, are no longer in custody. Camacho-Bordes, 94 F.3d at 1172-73. There is a presumption the criminal proceedings were proper and the burden is on a movant to show there was a fundamental error warranting relief. Morgan, 346 U.S. 502, 512; Willis v. United States, 654 F.2d 23, 24 (8th Cir. 1981). In order to obtain coram nobis relief, a person must demonstrate: (1) an error of fact, (2) unknown at the time of trial; (3) of a fundamentally unjust character which likely would have changed the outcome of

1

the proceeding if it had been known. Harrell v. United States, No. 93-CR-80935-DT, 2007 WL 4181655, at *1 (E.D.Mich. Nov. 27, 2007); United States v. Fischl, No. G:84-CR-17-02, 2007 WL 2694410, at *2 (W.D.Mich Sept. 11, 2007).

Hunter argues that he was incompetent and the Court should not have accepted his guilty plea. Hunter's mental health problems were well known to the Court at the time he pled guilty and at his sentencing. Indeed, the entire case centered around how to deal with a man who suffered from a very serious and obvious mental illness. With appropriate medication, it was determined that Hunter was competent. After spending some time in a federal medical facility pursuant to a provisional judgment,[1] Hunter was sentenced to 24 months imprisonment, a sentence well below the guideline range. The 24 month sentence took into account Hunter's mental health problems. As the Court and counsel were all well aware of the competency issues, the grant of coram nobis relief is not warranted.

Accordingly, Hunter's motion for a writ of error coram nobis is **DENIED**. The motion for appointment of counsel is also **DENIED**. The motion to proceed in forma pauperis is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated this 3nd day of January, 2008.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court

---

[1] See 18 U.S.C. § 4244(d).