IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION** |
| | ) | |
| vs. | **)** | |
| | ) | |
| Michael Howard Hunter, | ) | |
| | ) | Case No. 1:01-cr-55 |
| Defendant. | ) | |

Before the Court is Michael Howard Hunter's pro se motion to "enter orders" in his long since closed criminal case. He has also filed a motion for recusal. The motion purports to be filed pursuant to 28 U.S.C. §1651(a), the "all writs" section of the federal code. In his motion Hunter seeks copies of a number of orders, motions, and transcripts from his case. He also seeks an order from the Court directing the prosecuting attorney to turn over certain material he believes to be in the prosecutor's possession which contain exculpatory statements.

The Clerk of Court received a letter from Hunter the same day his current motion was filed requesting copies of many of the documents he requested in his motion. The Clerk has provided Hunter with copies of all the documents he requested in his motion save for a transcript of his competency hearing as no transcript of that hearing has ever been prepared.

Hunter pled guilty to bank robbery in 2002 and ultimately received a 24 month sentence along with 36 months supervised release after issues relating to Hunter's competency and mental health were resolved. The 24 month sentence has been served and the supervised release obligation has expired. The case has long been closed, save for four frivolous motions Hunter filed between 2007 and 2009 seeking a writ of error coram nobis. All four motions were denied.

Appeals were taken and the denials summarily affirmed. The current motion references a petition for a writ of certiorari Hunter is preparing to file with Supreme Court, presumably relating to his error coram nobis motions, and a possible Bivens action.

The Government points out in its response to the motion that the exculpatory statements issue was not raised in any of the error coram nobis motions. The Supreme Court usually does not consider issues which have not been raised in the district court and appeals court. Pa. Dep't of Corr's v. Yeskey, 524 U.S. 206, 212-13 (1998). In addition, the Government argues that full discovery was provided prior to Hunter pleading guilty and that Hunter filed an affidavit with the Court stating he had reviewed the witness statements from the bank employees. Hunter's affidavit and the witness statements are attached to the Government's response.

Hunter provides no jurisdictional basis for his motion other than 28 U.S.C. § 1651(a). The all writs act section, 28 U.S.C. § 1651(a), does not provide an independent grant of jurisdiction but merely permits a court to issue orders in aid of jurisdiction derived elsewhere by statute. See Telecomm. Research and Action Center v. Fed. Commc'n. Comm'n., 750 F.2d 70, 76 (D.C. Cir. 1984). The only jurisdictional basis provided by Hunter is reference to 28 U.S.C. §§ 1331(federal question jurisdiction), 1361(mandamus actions against federal officers), and 2201(declaratory judgment actions). These code sections are inapplicable as Hunter has not filed a new civil action but rather has filed what amounts to a discovery motion nearly seven years after judgment was entered in his criminal case. Hunter's nearly illegible reply brief is similarly unhelpful in providing a jurisdictional basis for the motion. The motion, which appears to lack merit in any case, is unauthorized under the Federal Rules of Criminal Procedure and without jurisdictional basis.

As for the motion for recusal the Court flatly denies any bias against Hunter.

Accordingly, Hunter's motion to "enter orders" and motion for recusal are **DENIED**.

**IT IS SO ORDERED.**

Dated this 9th day of September, 2009.

/s/ *Patrick A. Conmy*
Patrick A. Conmy, Senior District Judge
United States District Court